| **United States Bankruptcy Court**<br>**Eastern District of New York** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Vento Corp. d/b/a Vespa Cibobuono** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all):  **11-3126749** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**96 Northern Blvd**<br>**Great Neck, New York**   ZIP CODE  **11021** | Street Address of Joint Debtor (No. & Street, City, and State):   ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Nassau** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):   ZIP CODE | Mailing Address of Joint Debtor (if different from street address):   ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):   ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)
  _____

**Nature of Business**
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☑ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☑ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).

Check all applicable boxes
- ☐ A plan is being filed with this petition
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |



| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Vento Corp. d/b/a Vespa Cibobuono** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: **NONE** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☑ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X **Not Applicable**<br>_____<br>Signature of Attorney for Debtor(s)        Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** *(This page must be completed and filed in every case)* | **Name of Debtor(s):** **Vento Corp. d/b/a Vespa Cibobuono** |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Debtor

X **Not Applicable**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

Date

---

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

Date

---

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|

X _____
Signature of Attorney for Debtor(s)

**Marc A. Pergament  Bar No.**
Printed Name of Attorney for Debtor(s) / Bar No.

**Weinberg, Gross & Pergament LLP**
Firm Name

**400 Garden City Plaza Garden City, New York 11530**
Address

**516-877-2424**          **516-877-2460**
Telephone Number

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

---

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X **Not Applicable**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

**Beatrice Pierce**
Printed Name of Authorized Individual

**President**
Title of Authorized Individual

Date

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

—————————————————x

In Re:

Vento Corp. d/b/a Vespa Cibobuono

Case No.

Chapter     11

               Debtor(s)

—————————————————x

## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS

       The undersigned debtor(s) or attorney for the debtor(s) hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his or her knowledge.

Dated:

_____
**Beatrice Pierce**
Debtor

_____
**Marc A. Pergament**
Attorney for Debtor

Rev. 3/17/05

Acme
P.O. Box 780615
Maspeth, NY 11378

Advanceme, Inc.
c/o Vincent E. Aubrey, Esq.
2015 Vaughn Road, Bldg. 500
Kennesaw, GA 30144

AJA Security
30-30 47th Avenue
Long Island City, NY 11101

Ambassador Yellowpages
P.O. Box 1101
Old Chelsea Station
New York, NY 10113

American Express
Nationwide Credit Inc.
P.O. Box 26314
Lehigh Valley, PA 18002

American Express
Collect Corp
455 North Third Street, Suite 260
Phoenix, AZ 85004

Auto Chlor
1530 Old Country Road
Plainview, NY 11803

Avanti
50 Division Place
Brooklyn, NY 11222

Cablevision
P.O. Box 9256
Chelsea, MA 02150-9256

Capital One
P.O. Box 71083
Charlotte, NC 28272


Chase
National Legal Processing
451 Florida Street, 3rd Floor
Baton Rouge, LA 70826


Chase
Cardmember Services
P.O. Box 15153
Wilmington, DE 19886-5153


Cintas
P.O. Box 630803
Cincinnati, OH 45263-0803


Citi Bank Card
P.O. Box 6077
Sioux Fall, SD 57117


Citi Bank Card
P.O. Box 6077
Sioux Fall, SD 57117


The Hartford
c/o Ross & Suchoff, LLC
60 E. 42nd Street, Suite 2101
New York, NY 10165
Attn: Brian K. Suchoff, Esq.


Citibank/CCSI
Bankruptcy Dept.
7930 NW 110th Street
P.O. Box 20487
Kansas City, MO 64195-9904


Classic Valet
92 North Avenue, Suite 200
New Rochelle, NY 10801-7413

Conca Di Oro
72-02 51st Avenue
Woodside, NY 11377


Great Restaurants of Long Island
P.O. Box 2201
Halesite, NY 11743


GSM Foods
73 Rushmore Street
Westbury, NY 11590


Il Fornaretto
7616 17th Avenue
Brooklyn, NY 11214


Internal Revenue Service
11601 Roosevelt Blvd.
P.O. Box 21126
Philadelphia, PA   19114


Internal Revenue Service
Special Procedures
625 Fulton Street
10 Metrotech Center
Brooklyn, NY   12201


Oxford Health Plans
P.O. Box 1697
Newark, NJ 07101-1697


Jim Burnham
Go Accountants
152 Madison Avenue, 14th Floor
New York, NY 10016


Majestic
350 Fifth Avenue, 41st Floor
New York, NY 10118

NY Restaurant Assoc.
NYSRA Regional Office
640 Fulton St.
Farmingdale, NY 12205


NYS Dept. of Taxation & Finance
Bankruptcy Unit-TCD
Building 8, Room 455
W.A. Harriman State Campus
Albany, NY   12227


NYS Dept. of Taxation & Finance
Bankruptcy Unit - TCD
Building 8, Room 455
W.A. Harriman State Campus
Albany, NY 12227


NYS Dept. of Taxation & Finance
Bankruptcy Unit
P.O. Box 5300
Albany, NY 12205-5300


Omni Pak
2916 120th Street
Flushing, NY 11354-2506


Omni Wines
2916 120th Street
Flushing, NY 11354-2506


Ranieri
278 Metropolitan Avenue
Brooklyn, NY 11211


J & F Meats
20 Victor Ct.
Hicksville, NY 11801


Seacrest Linen Supply
P.O. Box 102
Brooklyn, NY 11225-1804

Spark Energy
c/o CRF Solutions
2051 Royal Avenue
Simi Valley, CA 93065

State of New York
Office of the Attorney General
120 Broadway
New York, NY 10271

The State Insurance Fund
8  Corporate Center Dr.
2nd Floor
Melville, NY  11747-3166

T-Mobile
P.O. Box 790047
St. Louis, MO 63179-0047

T-Mobile Bankruptcy
P.O. Box 53410
Bellevue, WA 98015-53410

Tricana Imports
1120 Old Country Road, Suite 207
Plainview, NY 11803

Two Cousins Fish
75 Bennington Avenue
Freeport, NY 11520

U.S. Dept. of Justice
Tax Division
Box 55
Ben Franklin Station
Washington, DC  20044

United States Attorney's Office
610 Federal Plaza, 5th Floor
Central Islip, NY  11722-4484

Vinvino
621 W. 46th Street
New York, NY 10036-1906


Waljoy
P.O. Box 220174
Great Neck, NY 11020
Attn: Bonnie Siegel


Waljoy
P.O. Box 220174
Great Neck, NY  11020
Attn:  Bonnie Siegel


Winter Bros.
1198 Prospect Avenue
Westbury, NY 11590


Wm. W. Siegel & Assoc.
P.O. Bpx 9006
Smithtown, NY  11787-9006


Yellow Pages
611 N. Brand Blvd., 5th Floor
Glendale, CA 91209

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

In Re:                                          Chapter 11

Vento Corp. d/b/a Vespa Cibobuono,              Case No.

            Debtor.                             CORPORATE RESOLUTION

----------------------------------------------------------X

The undersigned, the President of Vento Corp. d/b/a Vespa Cibobuono, a corporation existing under the laws of the State of New York does hereby certify that a duly called meeting of the directors of Vento Corp. d/b/a Vespa Cibobuono, the following resolutions were adopted, and have not been modified or rescinded, and are still in full force and effect:

"Resolved, that in the judgment of the shareholders and directors, it is desirable and in the best interest of the corporation, that Beatrice Pierce, President of the Corporation, be empowered to cause a petition under Chapter 11 of the Bankruptcy Code to be filed by the corporation upon such date, and in the event, in his discretion, such action should be necessary for the protection of the corporation and preservation of its assets without further notice to the directors of Vento Corp. d/b/a Vespa Cibobuono, and it is further

Resolved, that Beatrice Pierce be and hereby is, authorized to execute and file all petitions, schedules, lists and other papers and to take any and all action which he may deem necessary and proper in connection with such proceedings under Chapter 11, and in that connection, to retain and employ Weinberg, Gross & Pergament LLP and to retain and employ all other professionals which they may deem necessary or proper with a view towards a successful conclusion of such a reorganization case."

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 18th day of November 2010.

_____
Beatrice Pierce, President

In re:   **Vento Corp. d/b/a Vespa Cibobuono** _____ ,      .

                          Debtor

Case No. _____

Chapter   **11**

# Exhibit "A" to Voluntary Petition

1.    If any of debtor's securities are registered under section 12 of the Securities and Exchange Act of 1934, the SEC file number is .

2.    The following financial data is the latest available information and refers to debtor's condition on .

a.    Total assets                                                    $ _____ **25,350.00**

b.    Total debts (including debts listed in 2.c., below)             $ _____ **493,196.70**

Approximate number of holders

c.    Debt securities held by more than 500 holders.

      secured            unsecured          subordinated          _____        _____

d.    Number of shares of preferred stock                            _____        _____

e.    Number of shares of common stock                               _____        _____

      Comments, if any:

3.    Brief description of debtor's business:

      **Restaurant**

4.    List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

      **Beatrice Pierce - 100%**



# United States Bankruptcy Court

## Eastern District of New York

In re:

Case No. _____
Chapter    **11**

**Vento Corp. d/b/a Vespa Cibobuono**

# STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, , declare under penalty of perjury that I am the  of **Vento Corp. d/b/a Vespa Cibobuono, a**  Corporation and that on  the following resolution was duly adopted by the  of this Corporation:

"Whereas, it is in the best interest of this Corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that **Beatrice Pierce, President** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 11 voluntary bankruptcy case on behalf of the Corporation; and

Be It Further Resolved, that **Beatrice Pierce, President** of this Corporation, is authorized and directed to appear in all bankruptcy proceedings on behalf of the Corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Corporation in connection with such bankruptcy case; and

Be It Further Resolved, that **Beatrice Pierce, President** of this Corporation, is authorized and directed to employ **Marc A. Pergament**, attorney and the law firm of **Weinberg, Gross & Pergament LLP** to represent the Corporation in such bankruptcy case."

Executed on: _____

Signed: _____

B4 (Official Form 4) (12/07)

## United States Bankruptcy Court
## Eastern District of New York

In re Vento Corp. d/b/a Vespa Cibobuono _____, Case No. _____

Debtor

Chapter __11__

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| Waljoy<br>P.O. Box 220174<br>Great Neck, NY 11020<br>Attn: Bonnie Siegel | | | | $100,000.00 |
| NYS Dept. of Taxation & Finance<br>Bankruptcy Unit - TCD<br>Building 8, Room 455<br>W.A. Harriman State Campus<br>Albany, NY 12227 | | | DISPUTED | $90,000.00 |
| Advanceme, Inc.<br>c/o Vincent E. Aubrey, Esq.<br>2015 Vaughn Road, Bldg. 500<br>Kennesaw, GA 30144 | | | DISPUTED | $78,059.27 |
| The Hartford<br>c/o Ross & Suchoff, LLC<br>60 E. 42nd Street, Suite 2101<br>New York, NY 10165<br>Attn: Brian K. Suchoff, Esq. | | | | $71,376.09 |
| Jim Burnham<br>Go Accountants<br>152 Madison Avenue, 14th Floor<br>New York, NY 10016 | | | DISPUTED | $30,000.00 |



In re  Vento Corp. d/b/a Vespa Cibobuono _____ ,  Case No. _____
                                          Debtor                Chapter  **11** _____

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Avanti<br>50 Division Place<br>Brooklyn, NY 11222 | | | | $21,258.36 |
| Citi Bank Card<br>P.O. Box 6077<br>Sioux Fall, SD 57117 | | | | $20,437.32 |
| American Express<br>Nationwide Credit Inc.<br>P.O. Box 26314<br>Lehigh Valley, PA 18002 | | | | $18,941.43 |
| Citi Bank Card<br>P.O. Box 6077<br>Sioux Fall, SD 57117 | | | | $9,456.14 |
| Two Cousins Fish<br>75 Bennington Avenue<br>Freeport, NY 11520 | | | | $6,420.96 |
| American Express<br>Collect Corp<br>455 North Third Street, Suite 260<br>Phoenix, AZ 85004 | | | | $5,115.13 |



B4 (Official Form 4) (12/07)4 -Cont.

In re **Vento Corp. d/b/a Vespa Cibobuono**                    , Case No. _____

                              Debtor                              Chapter  **11**

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br><br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Conca Di Oro<br>72-02 51st Avenue<br>Woodside, NY 11377 | | | | $5,111.85 |
| Majestic<br>350 Fifth Avenue, 41st Floor<br>New York, NY 10118 | | | DISPUTED | $4,000.00 |
| The State Insurance Fund<br>8  Corporate Center Dr.<br>2nd Floor<br>Melville, NY  11747-3166 | | | | $3,526.56 |
| Seacrest Linen Supply<br>P.O. Box 102<br>Brooklyn, NY 11225-1804 | | | | $3,109.00 |
| GSM Foods<br>73 Rushmore Street<br>Westbury, NY 11590 | | | | $2,952.48 |
| Il Fornaretto<br>7616 17th Avenue<br>Brooklyn, NY 11214 | | | | $2,927.80 |

In re  Vento Corp. d/b/a Vespa Cibobuono
_____
                    Debtor

Case No. _____

Chapter  11

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| (1)<br>*Name of creditor and complete mailing address including zip code* | (2)<br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br>*Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | (5)<br>*Amount of claim (if secured also state value of security)* |
|---|---|---|---|---|
| J & F Meats<br>20 Victor Ct.<br>Hicksville, NY 11801 | | | | $2,500.00 |
| Spark Energy<br>c/o CRF Solutions<br>2051 Royal Avenue<br>Simi Valley, CA 93065 | | | | $1,892.41 |
| Great Restaurants of Long Island<br>P.O. Box 2201<br>Halesite, NY 11743 | | | DISPUTED | $1,800.00 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, Beatrice Pierce, President of the Corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: _____

Signature: _____

Beatrice Pierce, President
(Print Name and Title)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

In re:    Vento Corp. d/b/a Vespa Cibobuono                                          Case No. _____
                                                                                                                    (If known)
                                  **Debtor**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **NONE** | | | | |

Total  ➤   | 0.00

(Report also on Summary of Schedules.)

In re **Vento Corp. d/b/a Vespa Cibobuono**  Case No. _____
                        Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | Cash | | 350.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | HSBC | | 3,000.00 approx. |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Landlord | | Apprx. 6,000.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | Accounts Receivable | | 3,000.00 approx. |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

In re  <u>Vento Corp. d/b/a Vespa Cibobuono</u>,  Case No. _____
       Debtor            **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | Liquor Licence - NYS | | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Furniture, Fixtures, Kitchen Equipment | | 20,000.00 |
| 29. Machinery, fixtures, equipment and supplies used in business. | | Equipment | | 5,000.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

<u> 1 </u>  continuation sheets attached     Total  ▶   **$ 25,350.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)



B6D (Official Form 6D) (12/07)

In re __Vento Corp. d/b/a Vespa Cibobuono_____,     Case No. _____
                                Debtor                                                        (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| NONE | | | VALUE _____ | | | | | |

0    continuation sheets
     attached

Subtotal   >
(Total of this page)

Total   >
(Use only on last page)

| $ | 0.00 | $ | 0.00 |
|---|---|---|---|
| $ | 0.00 | $ | 0.00 |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)



In re     Vento Corp. d/b/a Vespa Cibobuono             Case No. _____

                         Debtor                                                  (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

❏    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❏  **Domestic Support Obligations**

     Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❏  **Extensions of credit in an involuntary case**

     Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❏  **Wages, salaries, and commissions**

     Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❏  **Contributions to employee benefit plans**

     Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❏  **Certain farmers and fishermen**

     Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❏  **Deposits by individuals**

     Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑  **Taxes and Certain Other Debts Owed to Governmental Units**

     Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❏  **Commitments to Maintain the Capital of an Insured Depository Institution**

     Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❏  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

     Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

     * Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re <u>Vento Corp. d/b/a Vespa Cibobuono</u>    Case No. _____

Debtor         (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority: Taxes and Certain Other Debts Owed to Governmental Units**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Internal Revenue Service**<br>**Special Procedures**<br>**625 Fulton Street**<br>**10 Metrotech Center**<br>**Brooklyn, NY 12201**<br><br>**Internal Revenue Service**<br>**11601 Roosevelt Blvd.**<br>**P.O. Box 21126**<br>**Philadelphia, PA 19114**<br><br>**United States Attorney's Office**<br>**610 Federal Plaza, 5th Floor**<br>**Central Islip, NY 11722-4484**<br><br>**U.S. Dept. of Justice**<br>**Tax Division**<br>**Box 55**<br>**Ben Franklin Station**<br>**Washington, DC 20044** | | | | | | X | 1,000.00 | 1,000.00 | $0.00 |

Sheet no. <u>2</u> of <u>3</u> continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | | |
|---|---|---|---|
| Subtotals▷<br>(Totals of this page) | $ 1,000.00 | $ 1,000.00 | $ 0.00 |
| Total ▷<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
| Total ▷<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $ |



In re    Vento Corp. d/b/a Vespa Cibobuono       Case No. _____

                            Debtor                                          (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

### Type of Priority: Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   L-034750869-5<br>NYS Dept. of Taxation & Finance<br>Bankruptcy Unit - TCD<br>Building 8, Room 455<br>W.A. Harriman State Campus<br>Albany, NY 12227<br><br>NYS Dept. of Taxation & Finance<br>Bankruptcy Unit<br>P.O. Box 5300<br>Albany, NY 12205-5300<br><br>State of New York<br>Office of the Attorney General<br>120 Broadway<br>New York, NY 10271<br><br>NYS Dept. of Taxation & Finance<br>Bankruptcy Unit-TCD<br>Building 8, Room 455<br>W.A. Harriman State Campus<br>Albany, NY 12227 | | | Sales Tax | | | X | 90,000.00 | 0.00 | $0.00 |

Sheet no. 3 of 3 continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals▷    $   90,000.00   $      0.00 $      0.00
(Totals of this page)

Total ▷
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)    $   91,000.00

Total ▷
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. )    $    1,000.00 $      0.00



B6F (Official Form 6F) (12/07)

In re <u>Vento Corp, d/b/a Vespa Cibobuono</u>
                          Debtor

Case No. _____
             (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Acme<br>P.O. Box 780615<br>Maspeth, NY 11378 | | | Business Debt<br>2009 | | | | 1,574.00 |
| ACCOUNT NO.  Index No. 10-A-9054-3<br>Advanceme, Inc.<br>c/o Vincent E. Aubrey, Esq.<br>2015 Vaughn Road, Bldg. 500<br>Kennesaw, GA 30144 | | | 09/29/2010<br>Breach of Contract | | | X | 78,059.27 |
| ACCOUNT NO.<br>AJA Security<br>30-30 47th Avenue<br>Long Island City, NY 11101 | | | Business Debt<br>2010 | | | | 156.42 |
| ACCOUNT NO.<br>Ambassador Yellowpages<br>P.O. Box 1101<br>Old Chelsea Station<br>New York, NY 10113 | | | Business Debt<br>2010 | | | | 179.69 |

<u>9</u>  Continuation sheets attached

Subtotal  >  $         79,969.38

Total  >  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  <u>Vento Corp. d/b/a Vespa Cibobuono</u>                                    Case No. _____
                                                    Debtor                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   101721274 <br><br> **American Express** <br> **Collect Corp** <br> **455 North Third Street, Suite 260** <br> **Phoenix, AZ 85004** | | | **Business Debt** <br> **2009** | | | | 5,115.13 |
| ACCOUNT NO.   10173186825 <br><br> **American Express** <br> **Nationwide Credit Inc.** <br> **P.O. Box 26314** <br> **Lehigh Valley, PA 18002** | | | **Business Debt** <br> **2010** | | | | 18,941.43 |
| ACCOUNT NO. <br><br> **Auto Chlor** <br> **1530 Old Country Road** <br> **Plainview, NY  11803** | | | **Dish Washing Machine Lease** <br> **2009** | | | | 704.90 |
| ACCOUNT NO. <br><br> **Avanti** <br> **50 Division Place** <br> **Brooklyn, NY 11222** | | | **Business Debt** <br> **2009** | | | | 21,258.36 |
| ACCOUNT NO. <br><br> **Cablevision** <br> **P.O. Box 9256** <br> **Chelsea, MA 02150-9256** | | | **Business Debt** <br> **2010** | | | | 346.50 |

Sheet no. <u>1</u> of <u>9</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $                            46,366.32

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re   <u>Vento Corp. d/b/a Vespa Cibobuono</u>        Case No. <u>               </u>

                                 Debtor                                 (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **Capital One** <br>**P.O. Box 71083** <br>**Charlotte, NC 28272** | | | **Business Debt** <br>**2010** | | | | 1,017.00 |
| ACCOUNT NO.   xxxx-xxx-5178 <br><br> **Chase** <br>**Cardmember Services** <br>**P.O. Box 15153** <br>**Wilmington, DE 19886-5153** | | | **Business Debt** <br>**2010** | | | | 1,573.00 |
| ACCOUNT NO.   xxxx-xxx-4865 <br><br> **Chase** <br>**Cardmember Services** <br>**P.O. Box 15153** <br>**Wilmington, DE 19886-5153** | | | **Business Debt** <br>**2010** | | | | 750.00 |
| ACCOUNT NO.   xxxx-xxx-0957 <br><br> **Chase** <br>**Cardmember Services** <br>**P.O. Box 15153** <br>**Wilmington, DE 19886-5153** <br><br> **Chase** <br>**National Legal Processing** <br>**451 Florida Street, 3rd Floor** <br>**Baton Rouge, LA 70826** | | | **Business Debt** <br>**2010** | | | | 1,423.34 |

Sheet no. <u>2</u> of <u>9</u> continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                                                  Subtotal  ➤  $            **4,763.34**

                                                     Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re    <u>Vento Corp. d/b/a Vespa Cibobuono</u>           Case No. <u>                </u>

                           Debtor                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   03319 <br><br> **Cintas** <br> P.O. Box 630803 <br> Cincinnati, OH 45263-0803 | | | **Business Debt** <br> 2010 | | | | 104.21 |
| ACCOUNT NO.   09411 <br><br> **Cintas** <br> P.O. Box 630803 <br> Cincinnati, OH 45263-0803 | | | **Business Debt** <br> 2010 | | | X | 1,404.97 |
| ACCOUNT NO.   xxxx-xxx-6928 <br><br> **Citi Bank Card** <br> P.O. Box 6077 <br> Sioux Fall, SD 57117 <br><br><br> **Citibank/CCSI** <br> **Bankruptcy Dept.** <br> 7930 NW 110th Street <br> P.O. Box 20487 <br> Kansas City, MO 64195-9904 | | | **Business Debt** <br> 2010 | | | | 20,437.32 |
| ACCOUNT NO.   xxxx-xxx-6598 <br><br> **Citi Bank Card** <br> P.O. Box 6077 <br> Sioux Fall, SD 57117 | | | **Business Debt** <br> 2009 | | | | 9,456.14 |

Sheet no. <u>3</u> of <u>9</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤   $          **31,402.64**

Total  ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re   Vento Corp. d/b/a Vespa Cibobuono       Case No. _____
                   Debtor                            (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Classic Valet<br>92 North Avenue, Suite 200<br>New Rochelle, NY 10801-7413 | | | Business Debt<br>2010 | | | | 300.00 |
| ACCOUNT NO.<br><br>Conca Di Oro<br>72-02 51st Avenue<br>Woodside, NY 11377 | | | Business Debt<br>2009 | | | | 5,111.85 |
| ACCOUNT NO.<br><br>Great Restaurants of Long Island<br>P.O. Box 2201<br>Halesite, NY 11743 | | | Business Debt<br>2009 | | | X | 1,800.00 |
| ACCOUNT NO.<br><br>GSM Foods<br>73 Rushmore Street<br>Westbury, NY 11590 | | | Business Debt<br>2009 | | | | 2,952.48 |
| ACCOUNT NO.<br><br>Il Fornaretto<br>7616 17th Avenue<br>Brooklyn, NY 11214 | | | Business Debt<br>2009 | | | | 2,927.80 |

Sheet no. _4_ of _9_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  ▶  $         13,092.13

Total  ▶  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re    <u>Vento Corp. d/b/a Vespa Cibobuono</u>              Case No. _____
                              Debtor                                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | 2,500.00 |
| J & F Meats 20 Victor Ct. Hicksville, NY 11801 | | | Business Debt 2010 | | | | |
| ACCOUNT NO. | | | | | | X | 30,000.00 |
| Jim Burnham Go Accountants 152 Madison Avenue, 14th Floor New York, NY 10016 | | | Accountant Services 2009 - 2010 | | | | |
| ACCOUNT NO. | | | | | | X | 4,000.00 |
| Majestic 350 Fifth Avenue, 41st Floor New York, NY 10118 | | | Business Debt 2010 | | | | |
| ACCOUNT NO. | | | | | | | 300.00 |
| NY Restaurant Assoc. NYSRA Regional Office 640 Fulton St. Farmingdale, NY 12205 | | | Business Debt 2010 | | | | |
| ACCOUNT NO. | | | | | | | 1,369.13 |
| Omni Pak 2916 120th Street Flushing, NY 11354-2506 | | | Business Debt 2010 | | | | |

Sheet no. <u>5</u> of <u>9</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $         38,169.13

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re <u>Vento Corp. d/b/a Vespa Cibobuono</u>             Case No. _____
                                **Debtor**                                 **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Omni Wines<br>2916 120th Street<br>Flushing, NY 11354-2506 | | | Business Debt<br>2010 | | | | 331.00 |
| ACCOUNT NO. VR1012<br><br>Oxford Health Plans<br>P.O. Box 1697<br>Newark, NJ 07101-1697 | | | Business Debt<br>2010 | | | | 880.25 |
| ACCOUNT NO.<br><br>Ranieri<br>278 Metropolitan Avenue<br>Brooklyn, NY 11211 | | | Business Debt<br>2010 | | | | 500.00 |
| ACCOUNT NO.<br><br>Seacrest Linen Supply<br>P.O. Box 102<br>Brooklyn, NY 11225-1804 | | | Business Debt<br>2010 | | | | 3,109.00 |

Sheet no. <u>6</u> of <u>9</u> continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

          Subtotal  >  $        **4,820.25**

          Total  >  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re     <u>Vento Corp. d/b/a Vespa Cibobuono</u>        Case No. _____

                                Debtor                           (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **Spark Energy** <br> **c/o CRF Solutions** <br> **2051 Royal Avenue** <br> **Simi Valley, CA 93065** <br><br> **Wm. W. Siegel & Assoc.** <br> **P.O. Bpx 9006** <br> **Smithtown, NY 11787-9006** | | | Business Debt <br> 2010 | | | | 1,892.41 |
| ACCOUNT NO.   **Index No. 11465/2009** <br><br> **The Hartford** <br> **c/o Ross & Suchoff, LLC** <br> **60 E. 42nd Street, Suite 2101** <br> **New York, NY 10165** <br> **Attn: Brian K. Suchoff, Esq.** | | | 06/15/2009 <br><br> Judgment | | | | 71,376.09 |
| ACCOUNT NO.   **4554** <br><br> **The State Insurance Fund** <br> **8 Corporate Center Dr.** <br> **2nd Floor** <br> **Melville, NY 11747-3166** | | | 05/28/2010 | | | | 3,526.56 |
| ACCOUNT NO. <br><br> **T-Mobile** <br> **P.O. Box 790047** <br> **St. Louis, MO 63179-0047** <br><br> **T-Mobile Bankruptcy** <br> **P.O. Box 53410** <br> **Bellevue, WA 98015-53410** | | | Business Debt <br> 2010 | | | | 767.03 |

Sheet no. <u>7</u> of <u>9</u> continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal  &gt;   $     **77,562.09**

Total  &gt;   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re    Vento Corp. d/b/a Vespa Cibobuono                        Case No. _____
                                    Debtor                                           (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **Tricana Imports** <br> **1120 Old Country Road, Suite 207** <br> **Plainview, NY 11803** | | | **Business Debt** <br> **2010** | | | | 1,000.00 |
| ACCOUNT NO. <br><br> **Two Cousins Fish** <br> **75 Bennington Avenue** <br> **Freeport, NY 11520** | | | **Business Debt** <br> **2009** | | | | 6,420.96 |
| ACCOUNT NO. <br><br> **Vinvino** <br> **621 W. 46th Street** <br> **New York, NY 10036-1906** | | | **Business Debt** <br> **2010** | | | | 711.82 |
| ACCOUNT NO. <br><br> **Waljoy** <br> **P.O. Box 220174** <br> **Great Neck, NY 11020** <br> **Attn: Bonnie Siegel** | | | **Landlord** <br> **2009 - 2010** | | | | 100,000.00 |
| ACCOUNT NO. <br><br> **Winter Bros.** <br> **1198 Prospect Avenue** <br> **Westbury, NY 11590** | | | **Business Debt** <br> **2010** | | | | 725.20 |

Sheet no. _8_ of _9_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤  $          108,857.98

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re   <u>Vento Corp. d/b/a Vespa Cibobuono</u>               Case No. _____

                                  Debtor                                     (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | 720.00 |
| Yellow Pages<br>611 N. Brand Blvd., 5th Floor<br>Glendale, CA 91209 | | | Business Debt<br>2010 | | | | |

Sheet no. <u>9</u> of <u>9</u> continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                    Subtotal  >  $        720.00

                      Total  >  $    405,723.26

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re: <u>Vento Corp. d/b/a Vespa Cibobuono</u>       ,     Case No. <u>                   </u>
                  Debtor                                                  (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Auto Chlor**<br>**1530 Old Country Road**<br>**Plainview, NY 11803** | **Dish Washing Machine** |
| **Waljoy**<br>**P.O. Box 220174**<br>**Great Neck, NY 11020**<br>**Attn: Bonnie Siegel** | **Lease - non residential property** |

In re: **Vento Corp. d/b/a Vespa Cibobuono**
_____
Debtor

Case No. _____
(If known)

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| | |



# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

In re:    **Vento Corp. d/b/a Vespa Cibobuono**

Case No. _____

Chapter  **11**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE:  ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

   1. Gross Income For 12 Months Prior to Filing:  $ _____

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

   2. Gross Monthly Income:  $ _____ 70,000.00

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

| | |
|---|---:|
| 3. Net Employee Payroll (Other Than Debtor) | $ 30,000.00 |
| 4. Payroll Taxes | 0.00 |
| 5. Unemployment Taxes | 0.00 |
| 6. Worker's Compensation | 0.00 |
| 7. Other Taxes | 5,200.00 |
| 8. Inventory Purchases (Including raw  materials) | 15,000.00 |
| 9. Purchase of Feed/Fertilizer/Seed/Spray | 0.00 |
| 10. Rent (Other than debtor's principal residence) | 8,300.00 |
| 11. Utilities | 3,405.00 |
| 12. Office Expenses and Supplies | 0.00 |
| 13. Repairs and Maintenance | 2,000.00 |
| 14. Vehicle Expenses | 0.00 |
| 15. Travel and Entertainment | 0.00 |
| 16. Equipment Rental and Leases | 350.00 |
| 17. Legal/Accounting/Other Professional Fees | 0.00 |
| 18. Insurance | 380.00 |
| 19. Employee Benefits (e.g., pension, medical, etc.) | 0.00 |

20. Payments to Be Made Directly By Debtor to Secured Creditors For Pre-Petition Business Debts (Specify):

    **None** _____

21. Other (Specify):

| | |
|---|---:|
| **Winter Brothers** | 170.00 |
| **Alarm** | 27.00 |
| **Valet Service** | 800.00 |
| **Linens, etc.** | 920.00 |
| **Dues** | 25.00 |
| **Advertising** | 500.00 |
| **Reservation Service** | 300.00 |
| **Rent (Lot)** | 1,500.00 |
| **Payroll Service** | 25.00 |
| **Cell Phone** | 100.00 |
| **Interest** | 1,000.00 |

22. Total Monthly Expenses (Add items 3 - 21)  $ _____ 70,002.00



PART D - ESTIMATED AVERAGE <u>NET</u> MONTHLY INCOME:

23. AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)    $ _____ **(2.00)**



## United States Bankruptcy Court

## Eastern District of New York

In re  **Vento Corp. d/b/a Vespa Cibobuono**

Debtor

Case No. _____

Chapter  __11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | NO | 1 | $ 0.00 | | |
| B - Personal Property | YES | 2 | $ 25,350.00 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | NO | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $ 91,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 10 | | $ 405,723.26 | |
| G - Executory Contracts and Unexpired Leases | NO | 1 | | | |
| H - Codebtors | NO | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | 0 | | | $ |
| J - Current Expenditures of Individual Debtor(s) | NO | 0 | | | $ |
| TOTAL | | 20 | $ 25,350.00 | $ 496,723.26 | |

## United States Bankruptcy Court
## Eastern District of New York

In re **Vento Corp. d/b/a Vespa Cibobuono**        Case No. _____

                                  Debtor        Chapter    **11**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 91,000.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 91,000.00 |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 0.00 |
| Average Expenses (from Schedule J, Line 18) | $ 0.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ 0.00 |

# United States Bankruptcy Court
## Eastern District of New York

In re **Vento Corp. d/b/a Vespa Cibobuono**

Debtor

Case No. _____

Chapter  **11**

### State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $  0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $  1,000.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $  0.00 |
| 4. Total from Schedule F | | $  405,723.26 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $  405,723.26 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re   Vento Corp. d/b/a Vespa Cibobuono _____ · _____      Case No. _____
                                    **Debtor**                                         · ___ (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

(NOT APPLICABLE)

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I Beatrice Pierce, the **President** of the **Corporation** named as debtor in this case, declare under penalty of
perjury that I have read the foregoing summary and schedules, consisting of  **20**_____ · _____ sheets *(Total shown on summary page plus 1)*,
and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____
                                                **Beatrice Pierce President**
                                                [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

--------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and
3571.*

# United States Bankruptcy Court
## Eastern District of New York

In re:   **Vento Corp. d/b/a Vespa Cibobuono**                                    Case No.

# List of Equity Security Holders

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOWN ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| **Beatrice Pierce**<br>**96 Northern Boulevard**<br>**Great Neck, NY 11021** | **Common** | | **100%** |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, **Beatrice Pierce, President** of the Corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date: _____                 _____

Beatrice Pierce, President, Vento Corp. d/b/a Vespa
Cibobuono

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.



**UNITED STATES BANKRUPTCY COURT**
**Eastern District of New York**

In re:  **Vento Corp. d/b/a Vespa Cibobuono** _____  Case No. _____

Debtor                    (If known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ❑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 1,101,016.00 | **Sales** | **2008** |
| 889,255.00 | **Sales** | **2009** |
| 497,675.00 | **Sales** | **2010** |

### 2. Income other than from employment or operation of business

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **LIPA** | **11/09/10** | **4,800.00** | **0.00** |
| **Nationalgrid** | **11/09/10** | **1,100.00** | **0.00** |

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Advanceme, Inc. v. Vespa Great Neck LLC d/b/a Vespa Cibobuono and Beatrice Pierce 10-A-9054-3** | **Breach of Contract** | **State Court of Cobb County State of Georgia** | **Pending** |
| **The Hartford A/S/O Segerman International, Inc. v. Vento Corp. d/b/a Vespa Cibobuono Index No. 11465/2009** | **Breach of Contract** | **Supreme Court Nassau County** | **Judgment** |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|



### 5. Repossessions, foreclosures and returns

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |



### 9. Payments related to debt counseling or bankruptcy

None    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for
☐    consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within
   **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Weinberg, Gross & Pergament LLP**<br>**400 Garden City, Suite 403**<br>**Garden City, New York 11530** | **09/10** | **7,500.00** |

### 10. Other transfers

None    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the
☑    debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.
   (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint
   petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| | | |

None    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a
☑    self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR' INTEREST IN PROPERTY |
|---|---|---|
| | | |

### 11. Closed financial accounts

None    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed,
☐    sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking,
   savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks,
   credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors
   filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both
   spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Citibank** | | **October 2009** |
| **TD Bank** | | **May 2010** |

## 12. Safe deposit boxes

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None ☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑
a.      List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
☑
b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
☑
c.      List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |



## 18. Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| Vento Corp. d/b/a Vespa Cibobuono | 11-3126749 | 96 Northern Blvd. Great Neck, NY 11021 | Restaurant | 09/01/1992 |

None
☑

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME_____     ADDRESS_____

## 19. Books, records and financial statements

None
☑

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS_____     DATES SERVICES RENDERED_____

None
☐

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                    ADDRESS                              DATES SERVICES RENDERED

**Jim Burnham
Go Accountants
152 Madison Avenue, 14th Flr.
New York, NY 10016**

None
☑

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME_____     ADDRESS_____

None
☑

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS_____     DATE ISSUED_____

## 20. Inventories

None
☑

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|------|------|------|



None ☑ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21. Current Partners, Officers, Directors and Shareholders

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Beatrice Pierce | Owner | 100% |

## 22. Former partners, officers, directors and shareholders

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☑ b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23. Withdrawals from a partnership or distributions by a corporation

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 24. Tax Consolidation Group.

None ☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

## 25. Pension Funds.

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|



* * * * * *

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____          Signature _____

**Beatrice Pierce, President**
Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.*

Form B1, Exhibit C
(9/01)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

Exhibit "C"

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

In re:

Case No.:

**Vento Corp. d/b/a Vespa Cibobuono**
Debtor(s)

Chapter: **11**

Exhibit "C" to Voluntary Petition

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**N/A**
_____
_____
_____
_____

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**N/A**
_____
_____
_____
_____



# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

In Re

**Vento Corp. d/b/a Vespa Cibobuono**

BANKRUPTCY NO.

Debtor.

## DECLARATION RE: ELECTRONIC FILING OF
## PETITION, SCHEDULES & STATEMENTS

### PART I - DECLARATION OF PETITIONER

I **Beatrice Pierce** ,

the undersigned debtor(s), **_hereby declare under penalty of perjury_** that the information I have given my attorney and the information provided in the electronically filed petition, statements, schedules is true and correct. I consent to my attorney sending my petition, this declaration, statements and schedules to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be filed with the Clerk once all schedules have been filed electronically but, in no event, no later than 15 days following the date the petition was electronically filed. I understand that failure to file the signed original of this DECLARATION will cause my case to be dismissed pursuant to 11 U.S.C. § 707(a)(3) without further notice.

❑ [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of 11 United States Code, understand the relief available under each such chapter, and choose to proceed under Chapter 7. I request relief in accordance with the chapter specified in this petition.

☑ [If petitioner is a corporation or partnership] I declare under penalty of perjury that the information provided in the petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in this petition.

Dated:

Signed: _____
**Beatrice Pierce**
(Applicant)

### PART II - DECLARATION OF ATTORNEY

I **_declare under penalty of perjury_** that I have reviewed the above debtor's petition and that the information is complete and correct to the best of my knowledge. The debtor(s) will have signed this form before I submit the petition, schedules, and statements. I will give the debtor(s) a copy of all forms and information to be filed with the United States Bankruptcy Court, and have followed all other requirements in the most recent attachment to G.O. #162. I further declare that I have examined the above debtor's petition, schedules, and statements and, to the best of my knowledge and belief, they are true, correct, and complete. If an individual, I further declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, and have explained the relief available under each such chapter. This declaration is based on all information of which I have knowledge.

Dated:

_____
**Marc A. Pergament**
Attorney for Debtor(s)

B 203
(12/94)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of New York

In re:     **Vento Corp. d/b/a Vespa Cibobuono**                 Case No.   _____

                       Debtor                  Chapter     **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **to be determined** |
| Prior to the filing of this statement I have received | $ | **7,500.00** |
| Balance Due | $ | |

2. The source of compensation paid to me was:

     ☑ Debtor             ☐ Other (specify)

3. The source of compensation to be paid to me is:

     ☑ Debtor             ☐ Other (specify)

4.   ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐   I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a)     Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b)     Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

    c)     Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d)     Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e)     [Other provisions as needed]
         **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

         **None**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   _____

                                   _____

                                   **Marc A. Pergament, Bar No.**

                                   **Weinberg, Gross & Pergament LLP**
                                   Attorney for Debtor(s)

# United States Bankruptcy Court
## Eastern District of New York

In re   **Vento Corp. d/b/a Vespa Cibobuono**                    Case No.

     Debtor.                                                          Chapter   **11**

## STATEMENT OF CORPORATE OWNERSHIP

Comes now **Vento Corp. d/b/a Vespa Cibobuono** (the "Debtor") and pursuant to Fed. R. Bankr. P. 1007(a) and 7007.1 state as follows:

_____   All corporations that directly or indirectly own 10% or more of any class of the corporation's equity interests are listed below:

**Owner**                                                **% of Shares Owned**

**None**

OR,

____**X**____   There are no entities to report.

By: _____

    **Marc A. Pergament**
    Signature of Attorney

    Counsel for   **Vento Corp. d/b/a Vespa Cibobuono**

    Bar no.:

    Address.:   **Weinberg, Gross & Pergament LLP**
                **400 Garden City Plaza**
                **Garden City, New York 11530**

    Telephone No.: **516-877-2424**
    Fax No.:   **516-877-2460**
    E-mail address:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re:                                          Chapter 11

Vento Corp. d/b/a Vespa Cibobuono,              Case No.

        Debtor.                        Affidavit Under Local
                                                <u>Bankruptcy Rule 1007-3</u>

--------------------------------------------------------X

STATE OF NEW YORK    )
                      ss.:
COUNTY OF NASSAU    )

        Beatrice Pierce, being duly sworn, deposes and says:

        1.     I am the President of Vento Corp. d/b/a Vespa Cibobuono, the above-named debtor (hereinafter "Debtor"). I submit this affidavit in accordance with Local Bankruptcy Rule 1007-3 and in connection with the Debtor's voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") filed herein.

        2.     The principal office of the Debtor is located in this district at 96 Northern Boulevard, Great Neck, New York.

        3.     The Debtor's taxpayer identification number is 11-3126749.

        4.     There is neither a case under the former Bankruptcy Act nor under the Bankruptcy Code currently pending by or against the Debtor.

        5.     No official or unofficial committee of creditors of the Debtor has been organized as of this date.

        6.     No property of the Debtor is in the possession or custody of any custodian, public officer, receiver, trustee, assignee of rents, or secured creditor or agent for any such persons.

        7.     The Debtor's principal books and records are located at 96 Northern Boulevard, Great Neck, New York.



8.	A listing of the Debtor's twenty (20) largest unsecured creditors, excluding insiders, is attached to the Debtor's petition.

9.	During the pendency of these proceedings, the Debtor intends to continue its operations in the printing and advertising of educational products.

10.	The Debtor operates its business from 96 Northern Boulevard, Great Neck, New York.

11.	It is anticipated that the Debtor's operations in the next thirty (30) days will result in a small operating profit. The company has approximately five (5) employees. The officer's monthly salary will be $4,000.00 per month.

12.	No stocks, bonds, debentures, or other securities of the Debtor have been publicly issued.

13.	The Debtor does not have any assets located outside the territorial limits of the United States.

14.	It is desirable for the Debtor to continue its operations, as the Debtor believes itself to be capable of effectuating a reorganization.

_____
Beatrice Pierce

Sworn to before me this
_18th_ day of November, 2010.

_____
NOTARY PUBLIC

Frances Alberti
Notary Public, State of New York
Registration #01AL6106703
Qualified in Nassau County
Commission Expires March 15, 20 12

2

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

DEBTOR(S):  Vento Corp. d/b/a Vespa Cibobuono _____ CASE NO.:_____

     Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor *(or any other petitioner)* hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed " Related Cases" for purposes of E.D.N.Y . LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within six years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a) .]

☑      NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.

❑      THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:

1. CASE NO.: _____ JUDGE: _____ DISTRICT/DIVISION: _____ / _____

CASE STILL PENDING (Y/N):__N__    [*If closed*] Date of closing: _____

CURRENT STATUS OF RELATED CASE: _____
                (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED (*Refer to NOTE above*):_____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN

SCHEDULE "A" OF RELATED CASE: _____


2. CASE NO.:_____ JUDGE: _____ DISTRICT/DIVISION: _____ / _____

CASE STILL PENDING (Y/N):__N__    [*If closed*] Date of closing: _____

CURRENT STATUS OF RELATED CASE: _____
                (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED (*Refer to NOTE above*): _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN

SCHEDULE "A" OF RELATED CASE: _____


(OVER)



DISCLOSURE OF RELATED CASE S (cont'd)

3. CASE NO.: _____ JUDGE: _____ DISTRICT/DIVISION: _____ / _____

CASE STILL PENDING (Y/N): __N__    [*If closed*] Date of closing: _____

CURRENT STATUS OF RELATED CASE: _____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED (*Refer to NOTE above*): _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN
SCHEDULE "A" OF RELATED CASE: _____

*NOTE:* Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may
not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): ___Y___

CERTIFICATION (to be signed by pro se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time,
except as indicated elsewhere on this form.

_____                    _____
**Marc A. Pergament**                                   **Beatrice Pierce**
Signature of Debtor's Attorney                          Signature of Pro Se Debtor/Petitioner

                                                        **96 Northern Blvd**
                                                        **Great Neck, New York 11021**
                                                        _____
                                                        Mailing Address of Debtor/Petitioner


                                                        _____
                                                        City, State, Zip Code
                                                        **(516) 829-0005**
                                                        _____
                                                        Area Code and Telephone Number

Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor
or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of
a trustee or the dismissal of the case with prejudice.

NOTE : Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise
result.

USBC-2                                                                                    Rev.02/15/1